

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00247-CR

LISA DIANN ATKINS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1394910D

----------

## MEMORANDUM OPINION[1]

----------

Through a plea bargain in July 2015, appellant Lisa Diann Atkins pled guilty to aggravated robbery,[2] and on the same day, the trial court convicted her of that offense and sentenced her to five years' confinement.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

Appellant's notice of appeal, filed June 15, 2016, was not timely.[3] *See* Tex. R. App. P. 26.2(a). On June 21, 2016, we sent appellant a letter expressing our concern that we lack jurisdiction. We explained that the notice of appeal was not timely filed. We informed appellant that we could dismiss the appeal unless she filed a response that showed grounds for continuing it. Appellant responded to our letter, but her response did not show grounds for continuing the appeal.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within thirty days after the date sentence is imposed, or within ninety days after the date sentence is imposed if the defendant files a timely motion for a new trial. *See* Tex. R. App. P. 26.2(a)(1)–(2). A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Without a timely filed notice of appeal, we lack jurisdiction over the appeal and may take no action other than to dismiss the appeal. *Id.*; *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). Because appellant's notice of appeal is untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R.

---

[3]We construe appellant's June 15, 2016 filing as a notice of appeal even though the title of the filing is "Motion to Request Permission to Appeal Weapon Charge."

App. P. 26.2(a), 43.2(f).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2016